NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35804 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-00712-RSM |
| v. | |
| CAROL L. ENGEN, | MEMORANDUM* |
| Defendant-Appellant. | |
| and | |
| KING COUNTY; QUALSTAR CREDIT UNION, | |
| Defendants, | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Carol L. Engen appeals pro se from the district court's summary judgment for the United States in its action to reduce to judgment frivolous filing penalties for tax years 2004 through 2008 and unpaid taxes, penalties, and interest for tax years 2005 and 2007, and to enforce liens against her property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment because the government submitted Forms 4340 for the relevant years, and Engen failed to raise a genuine dispute of material fact as to whether the tax and penalty assessments were invalid. *See* 26 U.S.C. § 6702(a) (providing for a civil penalty of $5,000 for filing a frivolous tax return); Fed. R. Civ. P. 36(a)(3) (providing that a matter is deemed admitted unless party serves timely answer or objection to request for admission); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are generally entitled to a presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *Hughes*, 953 F.2d at 535 (absent contrary evidence, official certificates, such as a Form 4340, constitute proof of fact that assessments were actually and properly made). Engen does not dispute the government's contention that her arguments regarding the validity of the liens are moot because Engen sold the property, and the liens were removed.

We reject as without merit and unsupported by the record Engen's contentions regarding joinder of the Internal Revenue Service ("IRS"); the district and bankruptcy courts' alleged operation in a "secret jurisdiction"; Engen's alleged tender of payment in the form of a letter of credit; the IRS's alleged refusal to issue refunds; Engen's disputed status as a taxpayer; the district court's denial of her motions to recuse; and alleged judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**